Wijayanto MUALIM, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73978.
Agency No. A77–821–685.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Joan E. Smiley, Esq., Luis E. Perez, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Wijayanto Mualim, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000), and reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the IJ's determination that Mualim's experiences in Indonesia did not rise to the level of persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (holding that persecution is an "extreme" concept). Being teased as a child and assaulted for money in high school does not rise to a level of persecution on account of an enumerated ground. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003) (being teased, bothered, discriminated against, harassed, and fired from job because of religious beliefs did not rise to level of persecution); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (finding no persecution or well-founded fear of persecution where applicant was stopped at roadblock, arrested, detained four to six hours, hit in stomach, kicked, and opposing ethnic group pelted house with stones and attempted to steal property). Likewise, the most recent incidents Mualim complains about—being accosted in the parking lot by eight to twelve year old children, and witnessing a labor dispute at his employer's headquarters—are not persecution. *See id.*

Substantial evidence also supports the IJ's conclusion that Mualim has no well-founded fear of persecution as his biological mother, adoptive mother and father, all four brothers, and nine of this thirteen sisters continue to live in Indonesia without incident. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001). Moreover, Mualim was able to successfully graduate from college, obtain two jobs in Indonesia, and leave for further studies and return to Indonesia without any trouble. *See id.*

Finally, substantial evidence supports the IJ's conclusion that Mualim did not establish a pattern and practice of persecution. Even if Mualim is a member of a disfavored group, *see Sael v. Ashcroft*, 386 F.3d 922, 927 (9th Cir.2004) (holding Indonesia's ethnic Chinese are a "disfavored group"), he has not established a sufficient individualized risk to compel the conclusion that he has a well founded fear of persecution. *See Padash v. INS*, 358 F.3d 1161, 1165–66 (9th Cir.2004).

Because Mualim failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1167. Mualim's CAT claim fails because he did not demonstrate that it was more likely than not that he would be tortured if he returned to Indonesia. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.